PEERLESS MOTOR CO. v. LINN.

1. SALES — CONDITIONAL CONTRACTS — BREACH OF WARRANTY — RESCISSION.

In an action for the price of a gasoline engine, which defendant claimed was defective, failed to work and was rejected by him under a warranty of efficiency contained in the contract of sale, it was proper to charge the jury that such warranty was the first issue for the jury, and if the engine did not conform to the agreement plaintiff could not recover.

2. SAME.

The trial court sufficiently submitted to the jury in his instructions the claim of plaintiff that the engine failed to work be-

cause of improper installation and treatment by defendant, in charging the jury that plaintiff could not recover if the engine failed to work efficiently as warranted, and that it was defendant's duty to install the engine according to contract, that if the alleged trouble arose from the method of installation, the engine was not shown to have been imperfect, and that testimony as to the method of installation bore only on that issue.

3. SAME—INCONSISTENT DEFENSES—RESCISSION.

And where plaintiff's claim was that the engine conformed to its warranty and would have worked properly if properly installed, it was not entitled to take the inconsistent position that it was willing and offered to substitute another engine in compliance with another condition in its contract with the purchaser.

4. SAME—MACHINERY—ADDITIONAL PARTS.

The court did not err in charging the jury that a special pulley which plaintiff furnished with the engine at the request of defendant was a part of the machine, and that plaintiff's recovery for that item must depend on their determination of the principal issue, of breach of warranty.

Error to Ingham; Wiest, J. Submitted January 17, 1911. (Docket No. 35.) Decided May 8, 1911.

Assumpsit by the Peerless Motor Company against Joseph H. Linn for the price of a gasoline engine. Judgment for defendant. Plaintiff brings error. Affirmed.

*Frank L. Dodge*, for appellant.

*William F. Cairns* (*Rollin H. Person*, of counsel), for appellee.

McALVAY, J. Plaintiff sued defendant upon a written agreement dated August 21, 1906, relative to the purchase of a certain gasoline engine manufactured by plaintiff, to recover the sum of $250, the amount of the purchase price of such engine. This agreement was evidently one of the order forms used and furnished by plaintiff, through its sales agents, to intending purchasers. It will not be necessary to give this entire instrument. A few material paragraphs will suffice. It reads:

"PEERLESS MOTOR COMPANY, Lansing, Michigan—

" *Gentlemen:* Please ship to Joseph H Linn on or before the 26th day of August or as soon thereafter as possible, one of your stationary 8 rated horse power noiseless gas or gasoline engines, complete.    *    *    *

"The machinery above ordered to be delivered on board cars at factory for shipment, by way of P. M. R. R., for which we agree to pay the sum of $250, ten days after engine is shipped, provided said engine is meeting your claim and guarantee herein given.    *    *    *"

The order in terms was given subject to the following conditions: Title was to remain in plaintiff until payment in full.   The engine was—

" Warranted when properly set by a competent person, according to plans and directions furnished by the constructors, and when properly cared for and operated, to work in an efficient and economical manner."

It was also warranted against undue wear and breakage caused by flaw in material or bad work, and any parts needing to be replaced to be furnished free of charge during one year after delivery.   It also provided that, in case the engine failed to fulfill such warranty, immediate notice and the cause, if known, should be given plaintiff, and time allowed plaintiff to remedy the difficulty.

". If the defect be not promptly so remedied, the constructors to have the option to substitute another engine that shall fill the warranty, or to return the money and securities received and cancel this contract, neither party to make claim against the other.

" If the purchaser or his employé fails to make the engine perform through improper management or lack of proper appliances, or neglect to observe the printed or written directions, then the purchaser is to pay all necessary traveling and other expenses incurred in experting said engine."

The engine was shipped and received about a week after the order was given, and was set up a few days later.   The sales agent assisted in setting it up.   He could not start it, and sent for plaintiff's expert to do so. Mr. Townsend for plaintiff came at once and started it.

From that time there was very frequent trouble with running of this engine, of which plaintiff was notified by telephone and letter. Plaintiff's manager, chief engineer, and experts went there frequently, some of them several times. The carburetor would not work. It was taken out, and a broken piece of a drill was found in the hole through which gasoline flowed. Frequently after that plaintiff, when notified, sent its men to make the engine run. Defendant produced letters of September 24th, September 28th, October 8th, and October 11th, making complaints that the engine was not working satisfactorily, and asking that plaintiff attend to it. It does not appear that any attention was paid to these letters. The last letter referred to contained the following:

"* * * This engine has been an expense to me of about $200, and if you are not here to-morrow to care for same and make it do the work proper I shall not trouble myself further."

Finally, on October 24, 1906, defendant wrote:

"I wish to advise you that the engine shipped me, covered by your invoice of Aug. 25th is not doing satisfactory work and I refuse to accept of same. I further wish to say that this engine is here subject to your shipping instructions."

This letter was received by plaintiff. Plaintiff's general manager went there a few days later, and found defendant installing another engine. The manager at that time offered to furnish another engine if the one defendant had was not giving service according to contract. Of the foregoing facts there is no material dispute.

Plaintiff's claim is that the engine was not properly installed; that it was not properly cared for by defendant; that the printed instructions were not regarded; that the engine was allowed to get dirty, and was not properly oiled, etc.; that no notice was given as required by the agreement if the engine failed to fulfill the warranty; in fact, that defendant did not in any manner follow the terms of the agreement. A trial resulted in a verdict of

no cause of action in favor of defendant. A motion for a
new trial was made and denied. The errors assigned by
plaintiff are to refusals to give plaintiff's requests, to the
charge of the court, and to the refusal of the court to
grant a new trial.

It will not be necessary to discuss all of the assignments
of error at length. Preliminary to passing upon the
errors relied upon and discussed, it will be well to state the
situation as it was presented to the trial court. By the
order made by defendant and accepted by plaintiff for
this engine no present and completed sale of the property
was made. No title passed or was intended at that time
to vest in defendant. He ordered a certain engine of
plaintiff's manufacture, for which he agreed to pay $250
within 10 days after shipment, provided the engine fulfilled
the plaintiff's claim and guaranty. Plaintiff warranted
the engine when properly set by a competent person ac-
cording to plans and directions furnished by it, and when
properly cared for and operated, to work in an efficient
and proper manner, and also against undue wear or
breakage caused by flaw in material or bad work for one
year. Immediate notice was required to be given by de-
fendant should the engine fail to fulfill the warranty in
any respect, the cause, if known, to be given and reason-
able time allowed to send a man from the shop to remedy
the difficulty. If the defect was not promptly remedied,
plaintiff to have the option to substitute another engine
which would fulfill the warranty. Such was the contract
or agreement upon which this suit was brought, plain-
tiff alleging that "the engine was in all respects and par-
ticulars" in accordance therewith, and which was re-
ceived and retained by defendant without objection or
complaint as to not being fully of the character and kind
sold by plaintiff and purchased by defendant, who made
no demand upon plaintiff to change or substitute another
engine for the one furnished.

The testimony of plaintiff shows that from the time the

first notice received from Eilenberg, the sales agent, that the engine was not working satisfactorily, plaintiff at defendant's request sent its general manager, experts, and workmen repeatedly to make this engine work. That such a condition existed is not disputed in this case. What caused this condition was partly in dispute. Plaintiff's testimony tended to show that the improper installation and claimed neglect and want of care caused at least part of the trouble. This testimony also showed that the difficulty was in the carburetor. They found the broken drill in the hole. "It did not trace the gasoline fast enough."

As to improper installation, defendant offered proof tending to show that he remedied everything as the general manager directed when he called attention to it, and that the trouble with the engine was continuous from the time it started, and plaintiff was notified. The court submitted this dispute to the jury under a charge, many paragraphs of which are claimed by plaintiff to have been erroneous.

Error is first assigned upon the following:

" The first issue for you to determine from the evidence is that of whether the engine so shipped by the plaintiff to the defendant was an efficient gasoline engine."

This sentence was repeated with slight variation, and the court added:

" Now, of course, that you will determine from the evidence you have listened to in the trial of this case."

Appellant contends that this was not the first issue for the jury to determine in the case, nor was it an issue, and was misleading. We find from the agreement that the engine agreed and guaranteed to be furnished was under certain conditions to work in an efficient and economical manner. This was the principal and practically the only question in the case, for, if it was found that such an engine was not furnished, plaintiff had no standing in court, as far as the engine was concerned.

Appellant assigns error upon the following portion of the charge:

"Necessarily he wanted an engine that would operate, an efficient engine of its character and class. That I understand was so understood by the plaintiff, and the plaintiff by accepting this order and acting under it undertook to furnish and was bound to furnish an efficient gasoline engine, and there can be no recovery in this case by the plaintiff, so far as the engine is concerned, unless you are satisfied by a preponderance of the evidence that the plaintiff did furnish or ship to the defendant an efficient gasoline engine."

The contention is that these portions of the charge—

"Deprived the jury of a consideration of other portions of the contract which were material and holds plaintiff to a strict accountability without reference to its rights under the contract."

These excerpts follow in the charge a detailed statement of what the suit was brought for, a description of the parties and a statement of the contract relied on by plaintiff, and they were followed by an extended paragraph in which the attention of the jury was directed to what defendant had done with the engine, and they were told to consider "all the evidence relating to this engine, its installation, its place of operation, its method of operation, and how it ran." He also charged the jury that defendant bought the engine under the contract, and was to install it himself, and in so doing it was his duty to follow the instructions, and if later, when plaintiff was trying to make the engine perform to suit defendant, its officer noticed the installation and suggested changes which were made,—

"Then the method of installation only bears upon the issues I am going to leave to you, so far as its installation and its place of operation may bear upon the question of whether the engine was in fact an efficient one when delivered by the plaintiff to defendant."

He further charged that, if the trouble arose because of his method of installation by defendant contrary to the in-

structions given him with the engine, then it would not
show the engine when delivered to him was inefficient.
The trouble would then be that of defendant; and, further,
that defendant could not avoid his contract by claiming
that he had not read it and did not understand its contents;
that no fraud was claimed by him or any claim made that
the contract was different from the contract he under-
stood he was to sign.   Appellant is therefore mistaken in
stating that what defendant did with the engine was not
submitted to the jury for consideration in determining
whether plaintiff had furnished an efficient engine as
agreed.   No error was committed in the portions of the
charge above excepted to.

Appellant objects to another portion of the charge as
erroneous and confusing, and that its meaning is not un-
derstood by its counsel.   The quotation and punctuation of
the objectionable excerpt in plaintiff's brief is doubtless by
mistake not correctly given.   The substance of this por-
tion of the charge was that the court called the attention
of the jury to a certain argument in the case which had
no bearing upon the issues he would leave to them, and
he felt that, if he passed such remarks without comment,
the jury would think they had a right to consider them.
He then charged as to the duties of defendant relative to
taking and installing the engine which we have called at-
tention to in a preceding paragraph.   He then came back
to this argument of counsel:

"Counsel for the plaintiff in his argument stated that
under the contract, if the engine so installed did not meet
the guaranty or warranty, the plaintiff had a right to take
it out and put another engine in its place, and the defend-
ant by taking the engine out himself and by his purchase
of another engine put in its place has deprived the plain-
tiff of this right under its contract.   It is sufficient upon
that to say to you, gentlemen, the plaintiff never asked
leave to put in another engine in place of the one in suit.
Under the contract, the plaintiff if the engine installed
was defective, and if the defects were not promptly rem-
edied, had the option to substitute another engine to fill

the warranty. The plaintiff never has asked leave under the contract to put in another engine on the ground that the one installed was defective, but the plaintiff claims now and insists it always has claimed the engine put in was not defective, and therefore it was not required to exercise its option to take that one out and put another one in its place, so the question of whether it was deprived of its right to put another engine in the place of the one in question has nothing whatever to do with any issue in this case."

Part of this statement is challenged by appellant as not sustained by the record, relying upon the testimony of the general manager. The court in this portion of the charge explicitly states the condition of the warranty under which plaintiff might substitute another engine, and is correct in stating that plaintiff never asked leave under the contract to substitute an engine on the ground that the one installed was defective, and that the theory of plaintiff on the trial was inconsistent with any such offer. There is testimony by the general manager that after he received the letter of October 24, 1906, from defendant notifying plaintiff that he refused to accept the engine and that it was subject to plaintiff's orders, he went to Williamston, where he saw that the engine furnished had been taken out and another one was being installed, and then said that he was there for the purpose of carrying out the contract, and, if the engine was not giving service, they would be glad to furnish another. Upon this the argument referred to by the court was founded, and, because inconsistent with plaintiff's theory of its case as then presented, it was taken from the consideration of the jury.

Defendant, instead of the ordinary pulley which was on the engine to be furnished under the agreement, wanted what is known as a clutch pulley, and the change was made, the difference in price between the two was agreed upon to be paid by defendant, and amounted to $13.37, and in submitting the case the court charged that in any event plaintiff would be entitled to recover that amount. After the jury had retired in custody of an officer they

were recalled and the court gave a charge relative to the burden of proof, and the preponderance of evidence. Later the jury was again called in, and instructed by the court that upon reflection he was satisfied that he was wrong in instructing that a verdict in any event should be found for plaintiff for the clutch pulley, and he then instructed as follows:

"The clutch pulley under the evidence was to take the place of a pulley that was upon the engine, the ordinary pulley that went with the engine. The defendant desired a clutch pulley instead of the plain pulley, and it was agreed between the parties that the plain pulley should be taken from the engine and a clutch pulley put upon the engine, and the defendant should pay, in addition to the price of the engine, $15.32 for the clutch pulley, and, as I recall the evidence, this amount was reduced by a credit given to the defendant by the plaintiff to $13.37. You are instructed now that the plaintiff is not entitled in any event to recover the $13.37, but that is contingent upon the plaintiff's right to recover for the engine."

He further stated to the jury that this left the issue as it was left to them before under the main issue upon the question as to whether an efficient engine had been furnished. We do not find that this was error. The clutch pulley was for this engine and the change was to be made as agreed. A pulley was to be part of this outfit; without it an engine of this character is not complete. The contract called for an engine "complete with attachments," and the only use intended for this pulley was for this engine.

It will be unnecessary to consider the errors assigned upon refusals to give certain requests to charge. Under our conclusions herein stated they were properly refused. The same may be said relative to the refusal to grant a new trial.

We find no error in the case. The judgment is affirmed.

OSTRANDER, C. J., and BIRD, HOOKER, and MOORE, JJ., concurred.